**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MATTHEW TJELTVEIT,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents*.

3:11-cv-00163-RCJ-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1), as well as upon petitioner's motion (#3) for appointment of counsel. This order follows upon the Court's earlier show cause order (#5) and petitioner's response (#6) thereto.

## *Background*

Petitioner Matthew Tjeltveit challenges his Nevada state conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon.

The January 13, 2011, state supreme court order affirming the dismissal of petitioner's state post-conviction petition as untimely reflects the following procedural history.[1]

The judgment of conviction was filed on June 7, 2007.

---

[1] See #6, at electronic docketing pages 81-83. The order also may be found at *Tjeltveit v. Warden*, 2011 WL 222503 (Nev., Jan. 13, 2011), or online, at http://www.nevadajudiciary.us/index.php/supremecourt, under the "Case Search" link in the upper right.

No notice of appeal was filed within the thirty-day time period for filing a direct appeal. The time to do so expired on Monday, July 9, 2007.

On November 7, 2007, petitioner filed a proper person notice of appeal. The state supreme court dismissed the untimely appeal for lack of jurisdiction on December 27, 2007; and the remittitur issued on January 22, 2008.

On August 5, 2008, petitioner filed a state post-conviction petition. On January 13, 2011, the state supreme court affirmed the dismissal of the petition on the basis that the petition was untimely. The remittitur issued on February 7, 2011.

On or about March 1, 2011, petitioner mailed the present federal petition to the Clerk of this Court for filing.

## *Discussion*

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* has raised the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." In the present case, the limitation period, unless tolled or subject to a different starting date on some other basis, thus began running on the face of the present record after the expiration of the time period for filing a direct appeal, *i.e.,* after July 9, 2007. Absent tolling or a different accrual date, the one-year limitation period would expire one year later, on July 9, 2008.

Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief. However, an untimely state post-conviction petition is not "properly filed;" and it thus does not statutorily toll the federal limitation period. *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Petitioner's state post-conviction petition was denied as untimely, and the petition therefore did not statutorily toll the federal limitation period under Section 2244(d)(2).

Absent other tolling, or a later accrual date, the federal limitation period therefore expired on July 9, 2008. Petitioner did not mail the federal petition until March 1, 2011, two years, seven months, and twenty days after the limitation period had expired, absent tolling or a later accrual date. The petition therefore is untimely on the face of the record.

The Court accordingly directed petitioner to show cause in writing why the petition should not be dismissed with prejudice as time-barred. In response, petitioner presents a number of arguments seeking to establish a basis for equitable or other tolling.

In this regard, equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(*quoting Pace,* 544 U.S. at 418, 125 S.Ct. at 1814). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

At the very outset, petitioner has failed to present competent evidence supporting his claim of tolling to the extent that he makes unsworn factual assertions that are not corroborated by court records. The show cause order clearly stated:

> IT FURTHER IS ORDERED that all assertions of fact made by petitioner must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the record in this Court.

#5, at 4.

Petitioner's factual assertions in the response are not made pursuant to a declaration under penalty of perjury. His unsworn factual assertions that are not corroborated by court records therefore do not constitute competent evidence supporting a claim of equitable or other tolling.[2]

The Court accordingly disregards all such unsupported and uncorroborated unsworn factual assertions in the response.

In all events, even if, *arguendo*, petitioner had supported all factual assertions in the show cause response with competent – and specific – evidence, the circumstances described in the show cause response do not establish a basis for equitable tolling.

Petitioner's tolling arguments are based upon his prior federal action in this Court in No. 3:08-cv-00054-LRH-VPC. Petitioner mailed the petition and pauper application in that matter on or about January 22, 2008, and the Clerk received and filed the papers on January 25, 2008. Seventy-seven days later, on April 11, 2008, the Court denied the pauper application and gave petitioner thirty days to pay the $5.00 filing fee. On June 26, 2008, the filing fee was paid. Four days later, on June 30, 2008, the Court issued an order noting that the responses in the petition reflected that the petition was wholly unexhausted. The order gave petitioner thirty days to amend and demonstrate, if possible, exhaustion of his claims.[3] Petitioner did not respond to the order, and the state court record reflects that filed his untimely state post-conviction petition on August 5, 2008. This Court thereafter dismissed the wholly unexhausted federal petition without prejudice on April 28, 2009.

None of petitioner's arguments based upon the prior federal action have any merit.

First, petitioner urges that he is entitled to equitable tolling because the Court allegedly erred in No. 3:08-cv-00054 in not – *sua sponte* – transferring the matter to the "appropriate

---

[2] Petitioner attached an affirmation under a state statute that his response did not contain any person's social security number and a certificate of service. See #6, at 84-85. Neither document constituted a declaration under penalty of perjury attesting that the factual statements in the show cause response are true and correct.

[3] Petitioner refers to the June 30, 2008, order as an order "dismissing" the first petition. The June 30, 2008, order clearly was an order directing petitioner to demonstrate exhaustion, not an order of dismissal.

-4-

court of jurisdiction," *i.e.*, according to petitioner's argument, the state district court, as allegedly required by Rule 22(a) of the Federal Rules of Appellate Procedure (FRAP) and 28 U.S.C. § 1631.

This argument is frivolous.

Neither FRAP 22(a) nor § 1631 had anything remotely to do with the prior case.

FRAP 22(a) provides that a habeas application "must be made to the appropriate district court" and that if it instead is made to a circuit judge the application then must be transferred to the appropriate district court. FRAP 22(a) – which is a rule of appellate procedure applicable within the federal system – is referring to the filing of an application in a federal district court and the transfer of a petition filed with a federal circuit judge to a federal district court. It does not establish, much less require, a procedure for the transfer of actions filed in a federal district court to a state district court.

Section 1631, in turn, states in pertinent part that "[w]henever a civil action is filed in a court *as defined in Section 610 of this title* . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other *such court* in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631 (emphasis added). Section 610 of Title 28, *i.e.*, 28 U.S.C. § 610, defines "courts" as, in pertinent part, "the courts of appeals and district courts of the United States," which is a reference to the courts of the federal sovereign, not state courts. Section 1631 thus is referring to transfer to another *federal* court, not to a state court. It thus is established law that § 1631 does not authorize, much less require, transfers of federal actions to state courts. *See, e.g., McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 428-29 (3rd Cir. 1983).

Petitioner's argument – that he is entitled to equitable tolling because the Court erred in failing to transfer the prior action to state court under FRAP 22(a) and § 1631 – thus is completely frivolous. There is no such procedure, much less a requirement, for same.[4]

---

[4] A lack of exhaustion in any event does not deprive a federal district court of jurisdiction. *See, e.g., Castille v. Peoples,* 489 U.S. 346, 348, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989).

Second, petitioner urges that the January 22, 2008, federal petition should toll the federal limitation period. He maintains that the Court should toll the limitation period from January 22, 2008, forward and then should either transfer the prior petition "back to the district court of jurisdiction to be properly exhausted" or grant a stay and abeyance so that petitioner can exhaust his state court remedies.

Under established law, the prior petition did not toll the federal limitation period, the present untimely federal petition does not relate back to the prior federal petition, and the prior wholly unexhausted petition properly was dismissed rather than transferred or stayed.

The Supreme Court held in *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), that a prior federal petition dismissed for lack of exhaustion does not statutorily toll the federal limitation period. The Ninth Circuit further has held that a later federal petition filed after a prior wholly unexhausted petition was dismissed does not relate back to the prior petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1154-55 (9th Cir. 2006). A district court potentially has the equitable power to correct a prior mistaken dismissal. *See id.* However, the dismissal of the prior wholly unexhausted petition – after petitioner failed to file any response to the show cause order – plainly was not mistaken. A stay of the petition clearly was not available when the matter was dismissed because none of the claims in the prior petition were exhausted. *E.g., Rasberry*, 448 F.3d at 1154; *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001). As discussed previously, the transfer argument is utterly frivolous.

The prior petition therefore did not toll the limitation period, there is no relation back of the present untimely petition to the prior petition, and the prior wholly unexhausted petition clearly was properly dismissed rather than – *sua sponte* – stayed or transferred.

Third, petitioner contends that this Court should have recognized from the face of the prior petition and its procedural history that the petition was wholly unexhausted and then either "transferred the petition to the appropriate court of jurisdiction" or dismissed it immediately – so that petitioner then could have filed a timely state petition.

Petitioner's argument of course pertains to his failure to file a timely *state* petition within one year of the judgment of conviction, *i.e.,* on or before Monday, June 9, 2008. The

argument relates only indirectly to the untimeliness of the present federal petition, in that the state petition did not statutorily toll the federal limitation period because it was untimely filed. In any event, a petitioner must properly commence the federal action by paying the filing fee (or demonstrating indigence) before it is screened. As discussed further below, petitioner did not pay the filing fee in No. 3:08-cv-00054 until June 26, 2008, after the state limitation period already had expired. It thereafter was appropriate to give petitioner an opportunity to demonstrate that the petition was exhausted prior to a dismissal, as the Court cannot always conclusively rely upon the initial procedural history responses given by a petitioner.

In all events, it clearly was the *petitioner's* responsibility to determine the applicable limitations period in state court and to file a timely petition in that court. Under established law, it clearly was not the federal district court's obligation first to determine when the *state* limitations period would run, then to conduct a definitive and conclusive exhaustion analysis to determine whether the federal petition was wholly unexhausted, and finally to ensure that it conducted the foregoing definitive and conclusive analysis of both the state timeliness issue and the federal exhaustion issue in sufficient time to dismiss the federal petition before the state limitations period expired. *See,eg., Pliler v. Ford*, 542 U.S. 225, 231-32, 124 S.Ct. 2441, 2446-47, 159 L.Ed.2d 338 (2004)(district courts have no obligation to act as counsel or a paralegal for *pro se* litigants and to calculate statutes of limitations in order to advise the petitioner as to the most appropriate course to pursue); *Rasberry*, 448 F.3d at 1153-54 (district court was not required to canvass petitioner to determine whether he had additional exhausted claims before dismissing a wholly unexhausted petition so as to avoid an adverse time-bar effect from the dismissal). A federal district court can reach a matter – whether a pauper application or screening review – only as its docket permits. It, again, is the *petitioner's* responsibility to seek timely relief in an appropriate court.

Absolutely nothing that this Court did, or failed to do earlier, in the prior federal action stood in the way of petitioner filing a timely state petition (as a basis then for statutory tolling of the federal limitation period). Indeed, the fact that petitioner did file a federal petition in federal court prior to June 9, 2008, demonstrates that he instead could have filed a timely

petition in the state courts. It was petitioner's responsibility to file a timely petition in the state district court. He failed to do so.

Fourth, petitioner contends that the action of prison officials constituted an external impediment to his seeking relief for 68 days from April 16, 2008, to June 23, 2008. He maintains that prison officials allegedly improperly failed to process his "brass slip" for payment of the $5.00 filing fee in No. 3:08-cv-00054. He seeks thereby to establish that this alleged impediment caused his "not being able to file a timely state post conviction writ."[5]

Petitioner again is focused upon his failure to file a timely *state* petition rather than the failure to timely file the present federal petition. The Court understands that petitioner perhaps is seeking to overcome the untimeliness of the federal petition by seeking to overcome the untimeliness of the state petition so that it can toll the federal limitation period. However, it is established law that once the state courts determine that the state petition is untimely, that "is the end of the matter" with regard to the timeliness of the state petition. *E.g., Allen v. Siebert*, 552 U.S. 3, 7, 128 S.Ct. 2, 4, 169 L.Ed.2d 329 (2007); *Evans v. Chavis*, 546 U.S. 189, 194, 126 S.Ct. 846, 850, 163 L.Ed.2d 684 (2006); *Pace*, 544 U.S. at 413-14, 125 S.Ct. at 1812; *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011), *petition for cert. filed* ___ U.S.L.W. ___ (U.S. May 5, 2011)(No. 10-10378); *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010); *petition for cert. filed*, 79 U.S.L.W. 3377 (U.S. Dec. 14, 2010)(No. 10-803); *White v. Martel*, 601 F.3d 882, 883-84 (9th Cir.), *cert. denied*, ___ U.S. ___, 131 S.Ct. 332, 178 L.Ed. 2d 146 (2010). There is no holding that this Court can make that will make the state petition timely and lead to that petition tolling the federal limitation period for two-and-a-half years.

---

[5] The Court notes that petitioner had $280.22 in his primary inmate account at the commencement of the prior action; he was on notice from the financial materials that he attached with his pauper application of the $5.00 filing fee requirement; and he reduced the account down to $2.75 without having yet paid the filing fee. While petitioner disagreed with prison authorities as to whether he could access another prison account, petitioner had at least some role in there not being sufficient funds in the first instance in his primary inmate trust account to pay for the filing fee. See No. 3:08-cv-00054, #1, at electronic docketing pages 4-6; #6, at electronic docketing pages 1-5 & 9. However, in all events, as discussed in the text, any *arguendo* alleged impediment by prison officials does not provide a viable basis for tolling of the federal limitation period.

It is noteworthy that, In the state courts, petitioner presented an entirely different factual argument seeking to show cause for the untimeliness of the state petition. See #6, at electronic docketing pages 63-67.

Moreover, any alleged delay in processing petitioner's request for the payment of his filing fee for his prior *federal* petition clearly did not stand in the way of petitioner filing a *state* petition prior to June 9, 2008. Petitioner could have filed a state petition at any time – whether prior to or during the pendency of the prior federal petition – notwithstanding any alleged delay by prison officials in processing his fee payment request for his federal action.

In all events in this regard, establishing, *arguendo*, a basis for equitable tolling of the federal limitation period for only 68 days in the spring of 2008 clearly would not make the current March 1, 2011, federal petition – filed nearly three years later – timely.

Fifth, plaintiff asserts, without any supporting competent evidence, that the prison law library, at some unspecified date, sent him "a U.S. district court habeas packet" and instructed him to file a petition in federal court. It is established law that erroneous legal advice does not provide a basis for equitable tolling. *Miranda*, 292 F.3d at 1064-68. It further is established law that petitioner's own *pro se* status or lack of legal sophistication is not an extraordinary circumstance providing a basis for equitable tolling. *Rasberry*, 448 F.3d at 1154.[6]

Finally, plaintiff urges that he has exercised diligence in pursuing state and federal relief. However, petitioner must establish *both* that an extraordinary circumstance stood in his way preventing timely filing of the federal petition *and* that he exercised diligence. If he fails to adequately demonstrate that an extraordinary circumstance stood in his way, he cannot establish equitable tolling. *See, e.g, Rasberry*, 448 F.3d at 1153 (court had no need to address the diligence element where extraordinary circumstances had not been shown).

---

[6]Petitioner refers to being "owed heightened judicial solicitude" because of his *pro se* status. Courts indeed view *pro se* pleadings with a special solicitude in that such pleadings are construed liberally. Such solicitude, however, does not make a *pro se* habeas petitioner a ward of the court where the court then becomes responsible for actively overseeing a petitioner's litigation to ensure that he timely seeks appropriate relief not only in federal but also in state court. Under the authorities previously cited, that plainly is not a required, or even proper, role for the court.

The use of a paging system rather than direct law library access at Ely State prison, in and of itself, does not establish a viable basis for equitable tolling. The Constitution does not inexorably require that inmates be provided with direct access to a prison law library as opposed to other possible methods of making legal resources available. The First Amendment guarantees a right to access to the courts, not to specified legal resources. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 349-51, 116 S.Ct. 2174, 2179-80, 135 L.Ed.2d 606 (1996).

Petitioner accordingly has failed to present a viable basis for tolling. The present federal petition is time-barred and therefore will be dismissed with prejudice.

IT THEREFORE IS ORDERED that the petition shall be DISMISSED with prejudice as time-barred.

IT FURTHER IS ORDERED that petitioner's motion (#3) for appointment of counsel is DENIED, as the petition clearly is untimely and the interests of justice do not otherwise require the appointment of counsel herein.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Reasonable jurists would not find debatable or wrong the district court's dismissal of the petition as untimely. Petitioner has failed to support his uncorroborated factual assertions with competent evidence as required by the show cause order. In all events, even accepting petitioner's unsupported factual assertions *arguendo* at face value, petitioner's arguments seeking to establish tolling of the federal limitation period are without any arguable merit, for the reasons discussed above in the text.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk additionally shall serve a copy of this order, the judgment, and – as attachments to this order – ## 1, 5 and 6 upon respondents by effecting informal electronic service of the order and judgment upon Catherine Cortez Masto as per the Clerk's current practice. **No response is required from respondents, other than to respond to any orders of a reviewing court.**

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice. The Clerk shall provide petitioner a copy of #6 with this order along with a copy of ## 1 and 6 from No. 3:08-cv-00054.

DATED: This 20th day of June, 2011.

_____
ROBERT C. JONES
Chief United States District Judge